PER CURIAM.
This disciplinary proceeding is before the Court for consideration of a referee’s report filed in two consolidated cases. The referee’s findings and recommendations are based on the respondent’s guilty plea and a consent judgment approved by The Florida Bar. Neither party challenges the report here.
The referee found the facts of the cases to be as follows:

Case No. 70,934

As to Count I
1.Respondent was retained in June, 1985, by Richard and Candace Anspach to represent them in a “lemon law” case. He informed his clients that a trial date had been set for December 14,1986. He repeatedly assured them the case was progressing although little work had been done since he had composed many questions based on information elicited from the Anspachs in September, 1986. Despite the respondent’s assurances, Mr. Anspach became concerned over the number of delays and contacted Mr. Thomas Bond, Jr., a partner of Bond, Arnett, and Phelan where the respondent was employed. When contacted by Mr. Bond the respondent made assurances to him the case was progressing.
2. Thereafter the respondent notified his clients that Circuit Judge Raymond T. McNeal of the Fifth Judicial Circuit had granted the defendants a continuance and a new date had been set for March 5, 1987.
3. On March 4, 1987, the respondent informed his clients the trial date had again been postponed as the defendants had requested Circuit Judge McNeal to recuse himself and he had refused to do so. The defendants had appealed.
4. After several unsuccessful attempts to contact respondent, on March 18,1987, Mrs. Anspach contacted Circuit Judge McNeal’s secretary to inquire as to the status of the case. At that time she learned the complaint had not been filed until March 3, 1987.
5. A hearing was held on March 19, 1987, by Circuit Judge McNeal to look into the respondent’s handling of the case. At that time the respondent admitted to misleading them as to its status. He also neglected the case during this time.
As to Count II
6. The respondent was retained on June 13.1986, by Mr. and Mrs. Kives to obtain a release from a mineral rights lien on their property. The respondent informed them he could clear the title by December, 1986.
7. In mid-December, the respondent informed his clients the case would be settled by January, 1987. He made similar promises in February and March, 1987.
8. In April, 1987, after many delays, the respondent informed his clients the case had been set for a final hearing on April 14.1987. He later notified them the date had been changed on two more occasions.
9. Mrs. Kives contacted Circuit Judge McNeal’s secretary to confirm the last date given her by the respondent for the final hearing. She learned the date had *26 been set by the respondent only minutes before. When she confronted him with this information, the respondent admitted to having lied to her about the previous court dates. Respondent also failed to have a guardian ad litem appointed for the heirs to the mineral rights until May I, 1987, and the necessary legal notices were not printed in the newspaper until May 22, 1987.

Case No. 71,179

10.The respondent was retained in June, 1986, by Mr. and Mrs. Hernandez, who reside in Mexico, to pursue an action to foreclose a mortgage on property in Marion County. Thereafter, he encountered difficulty in locating the defendants who had moved out of the state.
II. In or about April, 1987, the respondent informed the local agents for his clients that the suit had been filed. Thereafter, in a letter dated April 24, 1987, he advised his clients the foreclosure sale had been postponed. In fact, the complaint was not filed until June 15, 1987.
12.Respondent testified he found himself confronted in all three cases with problems he could not easily resolve as a new lawyer. Instead of conferring with his senior partners for advice, he floundered and wound up in this situation.
In Case No. 70,934, the referee recommended that respondent be found guilty of violating the following provisions of the Rules of Professional Conduct: Rule 4-1.3, for failing to act with reasonable diligence and promptness in representing a client; Rule 4-1.4(a), for failing to keep his client reasonably informed about the status of a matter; Rule 4-3.2, for failing to make reasonable efforts to expedite litigation; Rule 4-8.4(c), for engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; and Rule 4-8.4(d), for conduct prejudicial to the administration of justice. In Case No. 71,179, the referee recommended that respondent be found guilty of violating Rule 4-1.4(a) for failing to keep his client reasonably informed about the status of a matter and Rule 4-8.4(c) for engaging m conduct involving dishonesty, fraud, deceit, or misrepresentation.
Consistent with the consent judgment the referee recommends that respondent be suspended from the practice of law for forty-five days (with automatic reinstatement as provided in Rule 3-5.1(e), Rules Regulating The Florida Bar) and that he thereafter be placed on probation for two years subject to certain conditions. We approve the referee’s report and suspend Larry T. Griggs from the practice of law for forty-five days. As recommended by the referee, on reinstatement respondent shall be on probation and shall be required to submit quarterly verified case load reports, including one at the start of the probationary period showing all pending cases, the nature of each case, the date each was received, and the status of each case. Subsequent quarterly reports shall include the status of each case during the quarter, showing new cases, closed cases, and activity during the quarter. A supervising attorney practicing law in Marion County shall be appointed by The Florida Bar to review the quarterly reports and a copy of each report shall be furnished to the Bar. Present clients must be provided with notice of this suspension, pursuant to Rule 3-5.1(h), Rules Regulating The Florida Bar.
So that respondent can close his practice in an orderly fashion, taking steps to safeguard the interests of his clients, this suspension shall take effect thirty days from the date of this judgment.
The costs of this proceeding are taxed against the respondent. Judgment is entered against Larry T. Griggs in the amount of $533.33, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARRETT, GRIMES and KOGAN, JJ., concur.